IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                              Nos.  10-40009-01-SAC
                                         11-4041-SAC

ANDREW RUTHERFORD,

        Defendant.

MEMORANDUM AND ORDER

Pending before the court is the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 158) which he filed April 21, 2011. The government filed its response on July 22, 2011, (Dk. 169),[1] and the day before, on July 21, 2011, the defendant filed a motion for release on his own recognizance or on bond pending the court's ruling on his § 2255 motion. (Dk. 167). On April 28, 2010, the defendant Rutherford pleaded guilty to count one, conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 with reference to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dks. 67 and 68).[2] After overruling

---

[1] The court's ruling on this motion will be forthcoming after waiting the 14-day period for the defendant to file any reply. D. Kan. Rule 6.1(d).

[2] This plea agreement provides in relevant part: "The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." (Dk. 68, pp. 21-22, ¶ 11).

the defendant's objections to the presentence report, the court sentenced the defendant to 108 months imprisonment on August 4, 2010. (Dks. 114 and 123). The defendant took no direct appeal but filed his § 2255 motion approximately eight months later.

The defendant argues in his § 2255 motion that the State of Kansas is not a state within the meaning of the Tenth Amendment, the Controlled Substances Act, and, in particular, 21 U.S.C. §§ 841 and 846, as to provide this court with jurisdiction over the offenses charged in this case. In his motion for release, the defendant proposes he is likely to prevail in showing that § 841 does not apply to the State of Kansas and that § 841 lacks an interstate nexus. To be released "pending a determination on the merits of his [§ 2255] petition," the burden is with the defendant to "make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition." *United States v. Palermo*, 191 Fed. Appx. 812, 813, 2006 WL 2374405 (10th Cir. Aug. 17, 2006) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)). The defendant's motion offers no exceptional circumstances and utterly fails to "demonstrate a "clear case on the merits."

IT IS THEREFORE ORDERED that the defendant's motion for release on his own recognizance or on bond pending the court's ruling on his § 2255 motion (Dk. 167) is denied.

Dated this 26th day of July, 2011, Topeka, Kansas.


                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge