IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                          Nos.  10-40009-01-SAC
                                          11-4041-SAC

ANDREW RUTHERFORD,

        Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant Andrew Rutherford's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 158) supported by two separate memoranda of law. (Dks. 159 and 165). The government has filed its response opposing the motion. (Dk. 169). The defendant filed his reply to the government's opposition. (Dk. 174). The case is ready for decision.

**BACKGROUND**

On January 13, 2010, the grand jury returned an indictment against the defendant Rutherford and five other co-defendants charging all with one count of conspiring to possess with the intent to distribute 100 kilograms of marijuana and with one count of possessing with the intent to distribute 100 kilograms of marijuana. Rutherford on April 28, 2010,

pleaded guilty to the conspiracy count pursuant to a plea agreement.[1] Denying the defendant's objections to the presentence report, the court sentenced the defendant to 108 months of imprisonment on August 4, 2010. The defendant did not file a direct appeal, but he did timely file on April 21, 2011, his pending motion for relief pursuant to 28 U.S.C. § 2255.

**ISSUES**

The defendant's original motion argues that the State of Kansas "is not a state of the United States as 'state' and 'united states' are meant in the Tenth Amendment" and that the State of Kansas joined "on equal footing with all states in the union" making it a "sovereign state and not 'of the united states.'" (Dk. 158, p. 4). The defendant concludes the State of Kansas is not subject to the jurisdiction of the United States for purposes of the federal controlled substance statutes, 21 U.S.C. §§ 841 and 846. From this conclusion, the defendant contends his counsel was ineffective in not explaining this to him, in not objecting to the application of these statutes as Tenth Amendment violations, and in having him plead guilty to the conspiracy count. *Id.* at 5, 8. He further contends this conclusion shows the court lacked jurisdiction over the charges and subject matter of the case.

---

[1]This plea agreement provides in relevant part: "The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." (Dk. 68, pp. 21-22, ¶ 11).

*Id.* at 7. In his notice of supplemental authority, the defendant cites *Bond v. United States*, 131 S. Ct. 2355 (2011),[2] and adds the argument that the element of interstate commerce is lacking from 21 U.S.C. § 841. (Dk. 165, pp. 2-3). Finally, in his reply brief, the defendant argues the court wrongly stated his issue when it denied his motion for release on his own recognizance:

> This Court incorrectly phrases Movant's issue as: "The defendant argues in his § 2255 Motion that the State of Kansas is not a State within the meaning of the Tenth Amendment . . ." Doc 172, pg. 2
> As will be more fully discussed below, Movant's claim is that 21 U.S.C. § 841(a), as applied to Movant's Conduct, violates the Tenth Amendment power reserved by the State of Kansas and not as the Court says.

(Dk. 174, pp. 2-3). Contrary to the defendant's position, the court's prior order does fairly characterize the defendant's rambling and intermingled arguments:

> The defendant argues in his § 2255 motion that the State of Kansas is not a state within the meaning of the Tenth Amendment, the Controlled Substances Act, and, in particular, 21 U.S.C. §§ 841 and 846, as to provide this court with jurisdiction over the offenses charged in this case. In his motion for release, the defendant proposes he is likely to prevail in showing that § 841 does not apply to the State of Kansas and that § 841 lacks an interstate nexus.

(Dk. 172, p. 2). In his reply brief, the defendant restates his issue: "The

---

[2]The Supreme Court recognized that an individual indicted on a federal statute "has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." *Bond v. United States*, 131 S. Ct. 2355, 2360 (2011).

3

Controlled Substance Act of 1970, . . ., codified at 21 U.S.C. § 841(a) and § 846, as applied to Movant's conduct, violates the power reserved by the State of Kansas, as expressed by the Tenth Amendment." (Dk. 174, p. 4). The court's order will address the essential legal concepts that expose the defendant's issues as lacking any reasonable argument in the law.

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). A movant may overcome this procedural bar by showing either of "two well recognized exceptions." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005). First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered. *Id.* Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*,

297 F.3d 975, 979 (10th Cir. 2002) (citations omitted). Second, the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (a showing of actual innocence meets the fundamental miscarriage of justice prong). Of course, challenges to a district court's subject matter jurisdiction[3] may be raised at any time, including in a § 2255 motion. *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999).

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The defendant has the burden to allege facts that would entitle him or her to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. The court may forego an evidentiary hearing if the movant's factual allegations are "contradicted by the record, inherently

---

[3]Failure to allege or prove an essential element of the charged crime does not deprive the court of subject matter jurisdiction, that is, the "court's constitutional or statutory power to adjudicate a case." *United States v. Tony*, 637 F.3d 1153, 1159 (10th Cir. 2011). A dispute over the sufficiency of evidence to prove the required interstate commerce nexus is not a jurisdictional requirement. *Id*. Thus, this issue can be waived if not raised on direct appeal, and a challenge to the sufficiency of the indictment is untimely if first raised in a § 2255 proceeding. *Id.*

incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, 2010 WL 3721689 at *2 (D. Kan. Sept. 15, 2010) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments")). A hearing is unnecessary here, for the record and reasons stated hereafter conclusively establish that the defendant is not entitled to relief on his claims.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, 129 S.Ct. 1841 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs: first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. at 697.

On the first prong of objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is "completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted). A court is highly deferential in its review of the attorney's performance. *Strickland*, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986).

The movant's burden on the second prong of prejudice is to show here that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his conviction or sentence would have been different. *See Strickland*, 466 U.S. at 694; Boyd

v. Ward, 179 F.3d at 914. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**DISCUSSION AND ANALYSIS**

The defendant contends his counsel was ineffective in not advising the defendant and in not challenging the court's subject matter jurisdiction with regard to the Tenth Amendment and the interstate commerce nexus. Due to the ambiguity in the defendant's filings, the court will address these issues as challenges both to the general constitutional and jurisdictional authority of the court in handling federal controlled substance prosecutions and to the application of the same statutes to the defendant personally.

The defendant's rambling memoranda appear to challenge, in part, that his conviction is invalid as the court lacks subject matter jurisdiction on Tenth Amendment grounds. Specifically, he asserts the federal government exceeded its authority and violated powers reserved to the State of Kansas in codifying the offenses at 21 U.S.C. §§ 841(a) and 846 as applied to him. Controlling case law and analysis summarily rejects this argument.

While it is true that subject-matter jurisdiction is not subject to forfeiture or waiver, "in every federal criminal prosecution [subject-matter

8

jurisdiction] comes from 18 U.S.C. § 3231, . . . That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (quoting *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir.), *cert. denied*, 540 U.S. 844 (2003)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). Section 3231 provides in relevant part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Thus, federal courts have exclusive power to adjudicate offenses against federal law.

The defendant was prosecuted, convicted and sentenced for violating the laws of the United States, 21 U.S.C. §§ 841 and 846, and federal district courts have original jurisdiction over all offenses against the laws of the United States. *See United States v. Leroy*, 43 Fed. Appx. 232, 233 (10th Cir. 2002). Due to this express granting of federal jurisdiction, "the federal government is not required to show that the state ceded jurisdiction" for any federal drug trafficking offenses. *See United States v. Hodges*, 42 Fed. Appx. 250, 251 (10th Cir. 2002) (citing *United States v. Daily*, 921 F.2d 994, 998 (10th Cir. 1990), *cert. denied*, 502 U.S. 952

(1991), *disapproved on other grounds*, United States v. Wiles, 102 F.3d 1043, 1054-55 (10th Cir. 1996), *rehearing granted in part on other grounds*, 106 F.3d 1516 (10th Cir.), *cert. denied*, 522 U.S. 947 (1997)). Moreover, "'[a] link to interstate commerce may be essential to Congress's substantive authority, but the existence of regulatory power differs from the subject-matter jurisdiction of the courts.'" *United States v. Tony*, 637 F.3d at 1159 (quoting *Hugi v. United States*, 164 F.3d at 380-81). The defendant's conclusory and disjointed assertions offer no arguable semblance of a reasonable challenge to this court's subject matter jurisdiction over the United States' criminal prosecution of federal controlled substance offenses against him.

The Tenth Circuit, as well as other circuits, has repeatedly recognized that those federal criminal offenses prohibiting the distribution of controlled substances are a proper exercise of Congressional authority under the Commerce Clause and does not violate the Tenth Amendment. *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995) ("[T]he conduct regulated by the Drug Act clearly implicates interstate commerce, and Congress made explicit findings explaining the conduct's 'substantial and direct effect upon interstate commerce.' 21 U.S.C. § 801(3)-(6)."); *see United States v. Price*, 265 F.3d 1097, 1106-07 (10th Cir. 2001) ("Thus, § 841(a)(1) and § 846 are within Congress' power to regulate interstate

commerce."), *cert. denied*, 535 U.S. 1099 (2002); *United States v. Helton*, 334 Fed. Appx. 936, 938 (10th Cir. 2009) ("'Congress frequently has relied upon the Commerce Clause as authority for the enactment of statutes regulating drug trafficking, and courts have consistently upheld congressional regulation of the class of intrastate drug activities.'" (quoting *United States v. Janus Indus.*, 48 F.3d 1548, 1556 (10th Cir.), *cert. denied*, 516 U.S. 824 (1995)); *United States v. Walters*, 163 Fed Appx. 674, 685 (10th Cir. 2006) (The statutes, § 841(a)(1) and § 846, "are facially constitutional" and "'[w]hen Congress enacts a statute under its commerce power, it is not constitutionally obligated to require proof beyond a reasonable doubt that each individual act in the class of activities regulated had an effect on interstate commerce.' *United States v. Lane*, 883 F.2d 1484, 1492 (10th Cir. 1989). Accordingly, the government was not required to prove that Mr. Walters' conduct affected interstate commerce."); *United States v. Rodriguez*, 360 F.3d 949, 956 (9th Cir.) ("[N]arcotics trafficking, [is] a field that Congress specifically regulates under its Commerce Clause authority, and which the courts have consistently upheld."), *cert. denied*, 543 U.S. 867 (2004); *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir.) ("Our circuit has held that intrastate drug activity affects interstate commerce and that Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause."), *cert. denied*, 525 U.S. 907

(1998); *Proyect v. United States*, 101 F.3d 11, 13 (2nd Cir. 1996) ("It is therefore not surprising that every court that has considered the question, both before and after the Supreme Court's decision in *Lopez* [514 U.S. 549 (1995)], has concluded that § 841(a)(1) represents a valid exercise of the commerce power."). "When the law or regulation in question is a proper exercise of congressional power under the Commerce Clause and does not require state action, the statute does not violate the Tenth Amendment." *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir.) (citing *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir. 1996)), *cert. denied*, 522 U.S. 1036 (1997). Thus, there is no usurpation of states' traditional powers under the Tenth Amendment, for Congress may regulate conduct that a state may also regulate. *Id*. The defendant has no legal authority for the proposition that the federal government exceeded its commerce power authority or violated the Tenth Amendment in regulating drug trafficking activity through Controlled Substances Act.

The defendant randomly asserts that the State of Kansas is not a "state" under the Controlled Substances Act based on its standing under the Tenth Amendment. His blanket assertion concerning the sovereignty of Kansas is not supported by any legal authority or legal analysis. The defendant certainly is not challenging that Kansas was admitted "as a state into the Union." *Shulthis v. McDougal*, 225 U.S. 561, 571-72 (1912)

(internal quotation marks and citation omitted).  The defendant's memoranda offer no tenable arguments for questioning that Kansas is a state of the United States for purposes of 21 U.S.C. § 802(26).  In the Controlled Substances Act ("CSA"), "Congress surely intended the reference to 'all places' in § 802(28) to delineate the broad jurisdictional scope of the CSA and to clarify that the CSA regulates conduct occurring *any place*, as opposed to *every place*, within the United States."  *Grinspoon v. Drug Enforcement Admin.*, 828 F.2d 881, 886 1st Cir. 1987).  The defendant comes forward with nothing to suggest that Kansas should not be regarded as within the broad jurisdictional scope of the Act.  Additionally, this court rejected similar arguments in a prior decision:

> D'Armond's argument that this federal court does not have jurisdiction over this prosecution against him because his alleged offenses occurred on state lands is equally ill-founded. "The district courts of the United States have original jurisdiction over all violations of federal law." *United States v. Owens*, 156 F.3d 1245, 1998 WL 514584 (10th Cir. Aug. 13, 1998) (Table) (citing 18 U.S.C. § 3231). "The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States." *United States v. Lampley*, 127 F.3d 1231, 1246 (10th Cir. 1997) (rejecting argument that States are sovereign and the federal government is not authorized to prosecute crimes committed within the states' borders), *cert. denied*, 522 U.S. 1137, 118 S.Ct. 1098, 140 L.Ed.2d 153 (1998). *See Dover [v. United States]*, 1999 WL 239281 at *2 [(E.D. Penn. April 8, 1999)] ("It is well-established that federal courts have concurrent jurisdiction with state courts over offense against the lawful authority of the United States.") (citing *Heath v. Alabama*, 474 U.S. 82, 93, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985) and *United States v. Giovanelli*, 945 F.2d 479, 491 (2d Cir.1991)).

13

*United States v. D'Armond*, 65 F. Supp. 2d 1189, 1197 (D. Kan. 1999) (footnote omitted); *see United States v. Hartsfield*, 125 F.3d 863, 1997 WL 606756, at *1 (10th Cir. 1997) ("[I]t is well established that the federal courts have jurisdiction over federal crimes committed within a state's borders."). For that matter, the defendant's baseless and contrived argument deserves the same summary rejection given this argument in another court:

> There is no support for Winter's argument that Missouri is not a "state" for purposes of either the Tenth Amendment or the federal criminal code, as 21 U.S.C. § 802(26) defines a state as "a state of the United States," obviously including Missouri. The Tenth Amendment does not alter Missouri's status as a state.

*Winter v. United States*, 2011 WL 2607111, at *2 (W.D. Mo. 2011).

To the extent, the defendant is making an "as-applied" Tenth Amendment challenge to his conviction, he has not articulated a factual or legal basis for this argument. The defendant pleaded guilty unconditionally and as a matter of law he admitted all material facts charged in the indictment, *see United States v. Broce*, 488 U.S. 563, 569 (1989), including all factual predicates to jurisdiction, *see United States v. Brown*, 164 F.3d 518, 521-22 (10th Cir.1998), which includes the offense here being committed in the District of Kansas. The defendant is in no position to seek § 2255 relief based on the government's failure to establish the interstate commerce element. *United States v. Tush*, 287 F.3d 1294, 1297 (10th Cir.),

*cert. denied*, 537 U.S. 936 (2002).  A defendant may not question in a § 2255 motion the jurisdiction of the presiding court after he has entered an unconditional guilty plea, admitting "all material facts charged in the indictment, including all factual predicates to jurisdiction." *United States v. Stewart*, 55 Fed. Appx. 892, 2003 WL 295543, at *1 (10th Cir.), *cert. denied*, 539 U.S. 921 (2003); *see United States v. Brown*, 164 F.3d at 521. Moreover, the parties' agreed facts in the plea agreement fully establish the interstate commerce element of marijuana obtained in Arizona and then transported to Michigan for sale and distribution.[4]  (Dk. 68, pp. 1, 9-15).

Finally, with respect to the defendant's Tenth Amendment and jurisdictional challenges to the CSA as applied to him, the defendant has failed to show that his counsel was ineffective in not explaining them, in not

---

[4]The settled law is that the government need not offer individualized proof on this interstate commerce element:
> "The drug trafficking laws under 21 U.S.C. §§ 801 et seq. lack an express interstate commerce element, as these laws are considered to regulate a class of activities that necessarily affect interstate commerce. *United States v. Janus Industries*, 48 F.3d 1548, 1556 (10th Cir.), *cert. denied*, 516 U.S. 824, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995). The indictment, therefore, need not include an interstate commerce allegation. *See United States v. Greenwood*, 189 F.3d 479, 1999 WL 728481 at *1 (10th Cir. Sept.17, 1999), *cert. denied*, 529 U.S. 1103, 120 S.Ct. 1843, 146 L.Ed.2d 786 (2000). A conviction under these drug trafficking statutes does not require individualized proof that the crime substantially affected interstate commerce. *See United States v. Lane*, 883 F.2d 1484, 1492 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 872, 107 L.Ed.2d 956 (1990)."

*U.S. v. Walters*, 333 F. Supp. 2d 1022, 1033 (D. Kan. 2004), *aff'd*, 163 Fed. Appx. 674 (10th Cir. 2006).

raising objections based on them, and in advising him to plead guilty despite them. Because these omitted issues are without merit, counsel's failure to raise them is not constitutionally ineffective representation. Likewise, the defendant is unable to show any prejudice from his counsel's failure to advance these challenges, as the court here has rejected each of them as devoid of merit. The defendant has not established any reasonable probability of prevailing on these frivolous challenges.

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion for

relief pursuant to 28 U.S.C. § 2255 (Dk. 158) and supporting memoranda of law (Dks. 159 and 165) are denied;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 20th day of October, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge