IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    Nos.  10-40009-01-SAC
                                                  11-4041-SAC

ANDREW RUTHERFORD,

        Defendant.

MEMORANDUM AND ORDER

Not taking a direct appeal from his conviction and sentence on a drug trafficking offense, the defendant Andrew Rutherford filed a motion for post-conviction relief under 28 U.S.C. § 2255 that this court denied on October 20, 2011.  (Dk. 176).  The court also denied a certificate of appealability finding that the defendant's issues were "devoid of merit" and "frivolous challenges" that "no reasonable jurist would debate . . . should have been resolved differently or that . . . are worthy of more consideration."  (Dk. 176, p. 16).  Rutherford appealed this ruling and recently filed a motion for leave to appeal in forma pauperis.  (Dk. 180).  By this order, the court certifies that the analysis and conclusions stated in its prior order establish the defendant's appeal "is not taken in good faith" as required by 28 U.S.C. § 1915(a)(3).

While the provisions of 28 U.S.C. § 1915, in particular, §§

1915(a)(2) and (b), that were amended by The Prison Litigation Reform Act (PLRA), do not apply to an action under 28 U.S.C. § 2255, the requirements in §§ 1915(a)(1) and (3) are applicable and must be satisfied. *See Rivera v. Mullin*, 2011 WL 6160231, at *2 (10th Cir. 2011) (citing in part *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997), *overruled on other grounds*, *United States v. Hurst*, 322 F.3d 1256, 1261 n. 4 (10th Cir. 2003). Thus, Rutherford must show "'a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)); *see United States v. Cline*, 2006 WL 297717 at *1 (D. Kan. 2006).

Rutherford discloses his issues on appeal will be Tenth Amendment challenges to the Controlled Substance Act as codified at 21 U.S.C. § 841(a), including the constitutional argument that the statute violates the power reserved to the State of Kansas by the Tenth Amendment. The district court's prior order found that these constitutional challenges lacked any reasonable argument in the law, as the Tenth Circuit had held repeatedly that this very statute did not violate the Tenth Amendment. (Dk. 176, pp. 10-11). Additionally, the court cited and quoted from *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir.), *cert,*

*denied*, 522 U.S. 1036 (1997):

> Finally, Mr. Westbrook asserts that the federal crack cocaine laws usurp the states' traditional police powers under the Tenth Amendment. As we recognized in *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir. 1996), however, the Congress may regulate conduct that a state may also regulate. When the law or regulation in question is a proper exercise of congressional power under the Commerce Clause and does not require state action, the statute does not violate the Tenth Amendment. *Id.* (holding that 18 U.S.C. § 922(o) does not violate the Tenth Amendment). The same argument has been made in the context of 21 U.S.C. §§ 841 and 846 as well. *See United States v. Lerebours*, 87 F.3d 582, 585 (1st Cir. 1996) (holding that "courts will not strike down a statute under the Tenth Amendment where Congress was within its powers under the Commerce Clause to enact the statute") (citing *United States v. Owens*, 996 F.2d 59, 60–61 (5th Cir.1993)), *cert. denied*, 519 U.S. 1060, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997). We conclude that the federal statutes criminalizing conduct involving narcotics trafficking, such as the conspiracy to distribute crack at issue here, are constitutional as a proper exercise of Congress' powers under the Commerce Clause.

The district court's prior order soundly rejected all issues in Rutherford's § 2255 motion as frivolous challenges and devoid of merit. Because his pending motion does not show a reasoned, non-frivolous argument will be presented on appeal, the court hereby certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Rutherford's appeal from the court's prior order (Dk. 176) is not taken in good faith and, therefore, that the plaintiff's motion for leave to appeal in forma pauperis (Dk. 180) is denied.

Dated this 25th day of January, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge