IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

   Vs.                           No. 10-40009-01-SAC

ANDREW RUTHERFORD,

          Defendant.


**MEMORANDUM AND ORDER**

      This case comes before the court on the defendant Andrew Rutherford's *pro se* motion to terminate his supervised release. ECF# 195. The court understands that Mr. Rutherford was released from the Bureau of Prison's custody in March of 2016 and began serving his four-year term of supervised release which will expire in March of 2020. He is presently being supervised by the United States Probation Office in the Southern District of Texas.

      In his motion, Mr. Rutherford argues for early termination based on having served the statutorily required period of one year and having demonstrated "change, cooperation, and absolute compliance" while on release. ECF# 195, ¶12. He describes himself as falling within the low risk category of recidivism. *Id.* at ¶14. He refers to the trending societal change

1

in attitude toward marijuana "as something other than a Schedule I controlled substance" and advocates that a trend away from criminalizing marijuana can inform this decision. *Id.* at ¶16. He praises his strong family support, points to his continued employment in a retail store and his efforts to return to self-employment, cites his completion of the drug abuse program, denies that his offense was aggravated or that his role in it was aggravated, and reports having no history of violence. *Id.* at ¶¶ 20-23.

After considering certain18 U.S.C. § 3553(a) factors, a court may terminate a defendant's supervised release after one year of supervision, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute commits this determination to the discretion and exclusive authority of the sentencing court. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir.), *cert. denied*, 567 U.S. 935 (2012). Courts "require[ ] the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citations omitted). Courts are required by 18 U.S.C. § 3583(e) to consider the following factors:  "the nature and circumstances of the offense and the history and characteristics of the defendant;" "adequate deterrence;" protection of the public; the need

for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), and (4)-(7); *see United States v. Gainer*, 936 F. Supp. 785, 786 (D. Kan. 1996).

The court is mindful that early termination "is not warranted as a matter of course" and is not necessarily warranted only because a person does what is expected on supervised release. *United States v. Lagone*, 2017 WL 606016, at *2 (E.D.N.Y. Feb. 15, 2017) (citations omitted); *see United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) (A sentencing court should be looking for new, unforeseen or changed circumstances, such as "exceptionally good behavior by the defendant," which evidence a need for tailoring in order to serve the listed § 3553(a) factors); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196-197 (D.D.C. 2013) (The defendant's behavior went beyond "full compliance with the terms of supervised release" and "merit[ed] special consideration."); *United States v. Moore*, 2016 WL 454814, at *2 (D. Kan. 2016) ("The defendant's conduct is not so exceptional as to warrant early termination, and the interest of

justice would not be served by granting it."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (Resuming a law-abiding life, maintaining employment, and receiving a supportive family life are all commendable activities "but are expected of a person on supervised release and do not constitute the 'exceptional behavior' contemplated . . . ."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (If an unblemished record on supervised release was sufficient in itself for early termination, the "exception would swallow the rule.").

After considering the relevant § 3553(a) factors, the court is not persuaded that Mr. Rutherford's argued circumstances warrant early termination consistent with the interests of justice. First, the defendant's denial of aggravating circumstances and aggravating role in the sentencing offense is contradicted by the findings of record. The court's order of August 2, 2010, (ECF# 114), contains its findings on relevant conduct, the scope of the conspiracy, and the defendant Rutherford's organizer or leader role in it. He recruited participants, financed purchases of a vehicle, and instructed the participants on timing and location of unlawful drug transportation. The court expressly found at sentencing "that the defendant organized, coordinated, financed, and directed a criminal activity involving five or more participants." ECF# 114, pp. 7-8. Second, the history and

4

characteristics of the defendant, including the sentencing guideline's

criminal history findings, certainly point to justifiable concerns for

deterrence and protection of the public. When Mr. Rutherford argued at

sentencing that his criminal history category over-represented his criminal

past or his likelihood of recidivism, the court found:

> After serving approximately nine years of imprisonment for a drug
> trafficking conviction and a consecutive sentence on a firearm
> conviction, the defendant appears to have returned to the same
> criminal activities.  According to the PSR at ¶ 19, the defendant told
> co-conspirator Hutchinson in 2009 that he had been dealing drugs
> with people in Arizona for the past ten years.  Additionally, the facts
> surrounding the defendant's conviction for possessing a firearm
> involve a gun fight and the death of two individuals, including the
> defendant's brother.  A criminal history category of three does not
> over-represent the seriousness of the defendant's criminal past or the
> likelihood of recidivism.

ECF# 114, p. 11. The court understands that Mr. Rutherford's adjustment

to and conduct on supervision has been found acceptable and compliant in

all material respects. For this, he is to be commended. Because he has

been assessed as a low to moderate risk, Mr. Rutherford's supervision

should have no more than a minimal to moderate impact on his daily living

with visits occurring infrequently. He has been stable in maintaining a

family residence and employment. The court cannot say at this time that

the circumstances of the defendant's supervision are of the nature or kind

as to be called exceptional or as to dispel ongoing concerns with the

interests of justice raised by the defendant's significant offense and history which he continues to deny.

The court certainly wants to encourage the defendant to maintain his commendable efforts on supervision. For that reason, the court denies this motion without prejudice to the defendant filing another motion after March of 2018. Upon the filing of any such motion, the United States Probation Office will be expected to provide a detailed report on its supervision of Mr. Rutherford to date.

IT IS THEREFORE ORDERED that the defendant Andrew Rutherford's *pro se* motion to terminate his supervised release ( ECF# 195) is denied.

Dated this 7th day of July, 2017, Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge