IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                          No. 10-40009-01-SAC

ANDREW RUTHERFORD,

           Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the defendant Andrew Rutherford's second *pro se* motion to terminate his supervised release. ECF# 197. After pleading guilty to conspiracy to possess with the intent to distribute 100 kilograms of marijuana, Rutherford was sentenced to a term of 108 months' imprisonment with four years' supervised release. Since March 21, 2016, Mr. Rutherford has been supervised in the Southern District of Texas, Houston Division.

Mr. Rutherford filed his first motion for early termination of supervised release after serving one year of his release and becoming eligible to seek this relief. ECF# 195. The court denied that motion. ECF# 196. The court noted, in part:

After considering the relevant § 3553(a) factors, the court is not

> persuaded that Mr. Rutherford's argued circumstances warrant early termination consistent with the interests of justice. First, the defendant's denial of aggravating circumstances and aggravating role in the sentencing offense is contradicted by the findings of record. . . . Second, the history and characteristics of the defendant, including the sentencing guideline's criminal history findings, certainly point to justifiable concerns for deterrence and protection of the public. . . . The court understands that Mr. Rutherford's adjustment to and conduct on supervision has been found acceptable and compliant in all material respects. For this, he is to be commended. Because he has been assessed as a low to moderate risk, Mr. Rutherford's supervision should have no more than a minimal to moderate impact on his daily living with visits occurring infrequently. He has been stable in maintaining a family residence and employment. The court cannot say at this time that the circumstances of the defendant's supervision are of the nature or kind as to be called exceptional or as to dispel ongoing concerns with the interests of justice raised by the defendant's significant offense and history which he continues to deny.
>
> The court certainly wants to encourage the defendant to maintain his commendable efforts on supervision. For that reason, the court denies this motion without prejudice to the defendant filing another motion after March of 2018. Upon the filing of any such motion, the United States Probation Office will be expected to provide a detailed report on its supervision of Mr. Rutherford to date.

ECF# 196, pp. 4-6. Rather than waiting until after March of 2018, Mr. Rutherford filed his second motion on February 26, 2018. ECF# 197. The motion's certificate of service shows it was served on the government's attorney, and this motion was also filed electronically. The court finds that the attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. Because the court intends to grant relief favorable to Mr. Rutherford, no hearing

hearing is required. Fed. R. Crim. P. 32.1(c)(2).

The court asked for a report from the United States Probation Office in the Southern District of Texas, Houston Division, concerning Mr. Rutherford's supervised release. From that report, the court understands that Mr. Rutherford has had no compliance issues, no third-party risks, and no revealed law violations. It is the opinion of Mr. Rutherford's supervising officer that he appears to have positively acclimated to society.

The court recognizes its discretion and exclusive authority to terminate a defendant's supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1). *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir.), *cert. denied*, 567 U.S. 935 (2012). After considering the relevant § 3553(a) factors, the court sustains Mr. Rutherford's motion for early termination as warranted both by his conduct since release and by the interests of justice. The court is now satisfied that the circumstances of Mr. Rutherford's supervision are of the nature and kind as to be worthy of early termination and as to overcome arguable concerns with the interests of justice suggested by the defendant's prior criminal history.

IT IS THEREFORE ORDERED that the defendant Andrew

Rutherford's *pro se* second motion to terminate his supervised release (ECF# 197) is granted.

Dated this 3rd day of April, 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge